TROUTMAN SANDERS LLP
Jenny Kim, Bar No. 282562
jenny.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:   949.622.2700
Facsimile:   949.622.2739

Michael D. Hobbs, Jr. (pro hac vice to be filed)
Michael.hobbs@troutman.com
John M. Bowler (pro hac vice to be filed)
John.bowler@troutman.com
Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile:  404.885.3900

Attorneys for Plaintiff
SUGARFINA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>v.<br><br>BOUQUET BAR, INC., a Delaware corporation; BOUQUET BAR, LLC, a Wyoming limited liability company; DAVID (DAOUD) YUSUF, an individual; ALEX AMIDI, an individual; JEFFREY MATSEN, an individual; and SAL AZIZ, an individual,<br><br>               Defendants. | Case No.: 8:18-CV-1305<br><br>**COMPLAINT FOR FEDERAL TRADE DRESS INFRINGEMENT, FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, FEDERAL PATENT INFRINGEMENT, FEDERAL COPYRIGHT INFRINGEMENT, AND STATE UNFAIR COMPETITION**<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Sugarfina, Inc. ("Sugarfina") complains and alleges as follows against Defendants Bouquet Bar Inc., Bouquet Bar LLC, David (Daoud) Yusuf, Alex Amidi, Jeffrey Matsen, and Sal Aziz (collectively, "Defendants"; Bouquet Bar Inc. and Bouquet Bar LLC are collectively referred to as "Bouquet Bar").

## NATURE OF THE ACTION

1.  Sugarfina revolutionized the candy industry when it launched in 2012. Its founders, Joshua Resnick and Rosie O'Neill, dreamt of creating a luxury boutique retailer of curated candies and sweets. The inspiration behind Sugarfina sprouted during a screening of the original "Willy Wonka and the Chocolate Factory" and the simple question: why should kids have all the fun?

2.  Since 2012, Mr. Resnick and Ms. O'Neill have traveled the world to meet with artisan candy-makers and have taste-tested thousands of candies in their search to find the best of the best. Today, this experience has culminated in Sugarfina redefining confectioneries and the associated gift-giving experience, including painstakingly creating high quality, distinctive packaging for its redefined confectioneries. In the years since its founding, Sugarfina has established itself as offering unique luxury products to a highly engaged customer base.

3.  Sugarfina's early efforts have now grown to a thriving business that employs over 400 people and operates across various commercial channels, including storefronts, e-commerce, wholesale, and corporate partnerships. Each of these channels are geared towards a luxury gifting experience, where customers are invited to, among other offerings, "mix and match" different items using Sugarfina's Candy Bento Box® products.

4.  Sugarfina's retail channel focuses on building a footprint at high-end luxury spaces. Currently, Sugarfina operates over fifty retail locations throughout the United States and Canada, with many additional storefronts planned throughout the globe.

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

5.      Sugarfina's wholesale channel caters to premium reseller partners such as Bergdorf Goodman and the Four Seasons Hotels. Its corporate channel caters to institutional clients seeking to personalize packaging or coordinate events.  Many of Sugarfina's wholesale and corporate accounts overlap with Defendants' known accounts.

6.      Sugarfina's distribution channels are well established. Sugarfina is well known for its trade dress throughout the United States.

7.      From inception, Sugarfina has cultivated unmistakable proprietary features in its products and packaging that are uniquely associated with Sugarfina. These trade dress features are used consistently throughout its course of business.

8.      Sugarfina currently has approximately 140 different lines of candy, i.e., products, each presented in a revolutionary and sophisticated presentation and packaging that evidences Sugarfina's commitment to luxury and quality. Among the signature innovations of Sugarfina's branding is its presentation of candy in museum-quality material that emphasizes the artisanal and rarified quality of a gourmet small-portion tasting experience. Because of its innovative packaging and distinctive design, coupled with impeccable attention to the quality of its candy, Sugarfina products continue to thrive.

9.      Sugarfina's creative achievements have resulted in broad intellectual property protection for Sugarfina's innovations, including design patents, trademarks, copyrights, and trade dress protection. Because of its success, Sugarfina's innovations have been the subject of emulation by its competitors, who have attempted to capitalize on Sugarfina's success by imitating Sugarfina's innovative, elegant, and distinctive products and packaging.

10.     Among these imitators are Defendants, who introduced a line of products under the Bouquet Bar name to compete directly with Sugarfina products. Instead of pursuing independent product development, Defendants have chosen to

COMPLAINT

copy Sugarfina's innovative, distinctive, and elegant product and packaging trade dress in violation of Sugarfina's valuable intellectual property rights.

11.     As alleged below, and as recognized by Defendants themselves on a recent episode of the ABC television program *Shark Tank*, Defendants have made and packaged their candy to look like Sugarfina's products through widespread trade dress, patent and copyright infringement.

12.     By this action, Sugarfina seeks to put a stop to Defendants' illegal conduct and obtain compensation for these violations.

## **THE PARTIES**

13.     Plaintiff Sugarfina is a Delaware corporation having its principal place of business at 1700 East Walnut Avenue, El Segundo, CA 90245.

14.     Upon information and belief, Defendant Bouquet Bar Inc. is a Delaware corporation with its principal office at 15791 Rockfield Boulevard, Suite E, Irvine, CA 92618. Bouquet Bar Inc. was incorporated on October 30, 2017.

15.     Upon information and belief, Defendant Bouquet Bar LLC was a Wyoming limited liability company with its principal office at 15791 Rockfield Boulevard, Suite E, Irvine, CA 92618. On November 16, 2017, Defendant Yusuf filed the Articles of Dissolution for Defendant Bouquet Bar LLC with the Wyoming Secretary of State.

16.     Upon information and belief, Defendant David (Daoud) Yusuf is an individual residing in Mission Viejo, California. Mr. Yusuf is the incorporator, Chief Executive Officer, and one of the owners of Bouquet Bar Inc.; the founder, managing partner, and registered agent of Bouquet Bar LLC; and the registrant of www.bouquetbar.com, which sells infringing products.

17.     Upon information and belief, Defendant Alex Amidi is an individual residing in Santa Ana, California. Mr. Amidi is one of the owners of Bouquet Bar Inc., and one of the managing partners and registered agents of Bouquet Bar LLC.

18.     On information and belief, Defendant Jeffrey Matsen is an individual residing in Lake Forest, California. Mr. Matsen is one of the registered agents of Bouquet Bar LLC.

19.     On information and belief, Defendant Sal Aziz is an individual residing in Orange County, California. Mr. Aziz is one of the owners of Bouquet Bar LLC and/or Bouquet Bar, Inc.

20.     Sugarfina is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment, and with the permission and consent, express and/or implied, of the other Defendants herein. A unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. On information and belief, Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

## JURISDICTION

21.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

22.     This Court has personal jurisdiction over Defendants because they have a regularly established place of business in this District, reside in this District, and have committed and continue to commit acts of infringement in violation 15 U.S.C. § 1125 and 17 U.S.C. §§ 101 *et seq.*, and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of California, including in this District. The acts by Defendants cause injury to Sugarfina within this District.

23.     Upon information and belief, Defendants also derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

## VENUE

24.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and 1367(a) because Defendants transact business within this district and offer for sale in this district products that infringe Sugarfina's trade dress, patents, and copyrights. In addition, venue is proper because Defendants' and Sugarfina's principal place of business is in this district and Sugarfina suffered harm in this district. Moreover, a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

### *Sugarfina's Innovations*

25.     Sugarfina is a luxury candy boutique well recognized for its distinctive products sold under the SUGARFINA® brand using novel and original designs in its packaging. Defendants are well aware that Sugarfina is the owner of trade dress rights, copyright registrations, patents and all other intellectual property rights embodied in Sugarfina's product packaging, including the following (having received cease and desist letters dated October 17, 2017 and January 30, 2018, and having discussed Sugarfina by name on national television):

- •     U.S. Design Patent No. D763,684

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- • U.S. Copyright Reg. No. VA0001963483
- • U.S. Copyright Reg. No. VA0001963482
- • Distinctive Trade Dress

(collectively, all intellectual property rights, the "Intellectual Property Rights").

26. As a direct result of its innovative, proprietary, and distinctive trade dress, Sugarfina products have been a remarkable success, and their trade dress have immediately become uniquely associated with Sugarfina as their source.

27. Sugarfina products, with its branded packaging, have been extensively advertised throughout the United States to capitalize on the existing distribution channels, including social media and internet marketing, with the vast majority of the advertisements featuring photographs of the distinctive trade dress of the Sugarfina products.

28. In addition, Sugarfina's products have received unsolicited comment and attention in print and social media throughout the world. Each new Sugarfina product is the subject of positive commentary and receives unsolicited praise from independent social commentators. Frequently, these unsolicited commentaries are accompanied by images of various Sugarfina products, including their unique trade dress that is solely associated with Sugarfina.

29. The Sugarfina product design has come to represent and symbolize the superb quality of Sugarfina's products and enjoys substantial goodwill among consumers.

30. Sugarfina has received many awards for its signature designs and innovations including, but not limited to, the Addy Gold award, the Chain Store Age Breakout Retailer award, the Association of Corporate Growth Los Angeles Market Disruption award, and Fast Company's 50 Most Innovative Companies award.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

### *Sugarfina's IP Rights*

### *Sugarfina's Trade Dress*

31.     Sugarfina holds trade dress protection in the design and appearance of all of its distinctive product packaging and presentation.

32.     Sugarfina's product packaging and presentation are radically different from the candy and gift-giving stores that preceded it. It has a distinctive presentation and appearance—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques. As shown below, the result is a luxury product that is accessible and visually appealing to the ordinary observer. Sugarfina's product design immediately became closely associated with Sugarfina.





COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545





COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545





COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



33.     The trade dress elements of the Sugarfina product packaging are distinctive, non-functional, and serve to identify Sugarfina as the source of its products.

34.     The following elements of Sugarfina's product packaging comprise the trade dress at issue in this case (the "Sugarfina Trade Dress"):

•     an individual clear top cube with a label with a patterned band and shapes (namely, circles, diamonds, or hearts), and a triangular end-tab containing candy product.

•     a rectangular or square product package with minimal lettering.

•     the inside bottom surface of the product package dominated by a series of cube wells or trays.

COMPLAINT

- • the series of cube wells each being spaced from one another within the product package.

- • a series of clear top cubes with labels with a patterned band, overlaid shapes (namely, circles, diamonds, or hearts), and a triangular end-tab containing candy product that each reside in a corresponding cube inside the box.

The following images illustrate Sugarfina's consistent use of the Sugarfina Trade Dress across its products:







COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545






35.     Defendants have improperly capitalized on the Sugarfina Trade Dress.

36.     Defendants have purposely taken steps to adopt the Sugarfina Trade Dress, and to encourage consumers to confuse the two brands so as to profit from the goodwill Sugarfina has acquired.

37.     The Sugarfina Trade Dress is non-functional in that there exist wide and varied ways to design packaging that contains gifts and candy. As such, Defendants are not unduly impeded from engaging in their own design and presentation of their products, so long as they do not steal from the Sugarfina Trade Dress.

38.     None of the claimed features of the Sugarfina Trade Dress, either alone or in combination, are either essential to packaging gifts or candy or confer any

COMPLAINT

benefit to Defendants aside from enabling them to trade on Sugarfina's reputation by carefully imitating the look and feel of the Sugarfina Trade Dress.

39.     In addition to its inherent distinctiveness, through Sugarfina's extensive advertising and promotion, the Sugarfina Trade Dress has been firmly established as having gained secondary meaning. As mentioned above, consumers readily connect the defined trade dress exclusively with Sugarfina as confirmed by the awards it has won for its innovative design.

### *Sugarfina's Design Patent*

40.     Sugarfina has protected its innovative designs and packaging through design patents issued by the United States Patent and Trademark Office.

41.     Sugarfina owns all right, title, and interest in and to the asserted U.S. Design Pat. No. D763,684, titled "Packaging," a true and correct copy of which is attached as Exhibit 1.

### *Sugarfina's Copyrights*

42.     Sugarfina has protected its innovative designs, packaging, and marketing materials through copyrights registered with the United States Copyright Office. The Sugarfina copyrights cover the use of the candy cubes, the spaced cube arrangement, the spaced cube receiving wells, and the distinctive use of a box to hold the clear cubes.

43.     Sugarfina owns all right, title, and interest in and to each of the following asserted copyrights, true and correct copies of which are attached as Exhibits 2 and 3: Reg. Nos. VA0001963482 and VA0001963483.

### ***Defendants' Infringing Products***

44.     Upon information and belief, Defendants previously operated a floral company for events (e.g., social occasions, weddings).  In operating their previous company, Defendants provided floral services at events where Sugarfina's products were available.  Defendants have, for example, distributed a social media post

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

showing Defendants' floral arrangements alongside Sugarfina products at the same event.

45. Defendants then, with actual knowledge of Sugarfina's products and Intellectual Property Rights, launched Bouquet Bar LLC in January 2017, and Bouquet Bar Inc. in October 2017, intentionally copying Sugarfina's Intellectual Property Rights.

46. Defendants have imported into or sold in the United States the following products, each of which infringes one or more of Sugarfina's Intellectual Property Rights: "The Shot," "The Cocktail," "The Martini," "Love Rocks," "Love Box," "Love Box 1," "Love Box 2," "Love Box 3," "Love Box 4," "Thank You Box," "Thank You Box 5," "Sympathy Box," "Sympathy Box 1," "Sympathy Box 2," "Birthday Box," "Birthday Box 3," "Birthday Box 4," "Birthday Box 5," "Birthday Box 7," "Legends Box," "Fit Box," "My Girl," "Spa Box," among others (collectively, the "Accused Products"). Attached as Exhibit 4 is a true and correct copy of pictures of the Accused Products.

47. The Defendants sell the Accused Products to the public containing, in whole or in part, candy.

48. The Defendants promotes and advertises the sale of candy in whole or in part materials sent to customers.

49. Candy products distributed and sold by the Defendants in the Accused Products include without limitation, milk chocolate cookie dough bites, milk chocolate dipped gummy bears, milk chocolate covered pretzels, watermelon gummy rings, milk chocolate covered raisins, peach gummy rings, orange burst gummy bears, green apple gummy bears, cayenne infused dark chocolate disks, dark chocolate covered sea salt caramels, mint cookie malted milk balls, lavender dark chocolate drops,  and chocolate truffles.

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

50.     Rather than innovate and develop its own packaging and unique style for its candy products, Defendants chose to copy Sugarfina's innovative Intellectual Property Rights in these infringing products.

51.     Defendants had many options in developing and packaging their candy.

52.     Defendants deliberately chose to infringe on Sugarfina's Intellectual Property Rights without investing any of the resources or innovation required to develop a strong non-infringing brand identity and intellectual property portfolio.

### Shark Tank Admission of Copying

53.     Defendants Yusef, Amidi, and Aziz appeared on the January 21, 2018 episode of the ABC show *Shark Tank* to present Defendants' goods and services for potential investment by experts in the field.  Instead, Defendants were confronted with their clear copying of Sugarfina's Intellectual Property Rights.

54.     Lori Greiner is featured on *Shark Tank* as "one of the most prolific inventors of retail products, having created over 500 products, and currently holds over 120 U.S. and international patents."  *See* http://abc.go.com/shows/shark-tank/cast/lori-greiner. Ms. Greiner pointedly asked Defendants Yusef, Amidi, and Aziz, how Bouquet Bar was different from Sugarfina, especially given the likelihood that the Accused Products were using Sugarfina's trademarked packaging: "So I have to call out the white elephant for me in the room. This looks just like Sugarfina. . . . Sugarfina started off with a box like this and they fill it with different candies. ***It is sort of their trademark***. . . . You need to do something that is going to be different. . . . You are flower experts but you've got to think of how are you going to beat it or be more unique or different."[1]

55.     Ms. Greiner expressly declined to invest in Bouquet Bar because it had not defined its business, and she reiterated her advice that Bouquet Bar should

---

[1] *See* http://abc.go.com/shows/shark-tank/episode-guide/season-09/19-episode-19, at 6:59 to 7:34.

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

focus on developing its expertise in flowers: "If you had come in with really cool, innovative, different, gorgeous floral things, and your price was great, I'd be going to you. . . . But you haven't figured the business out yet, and for that reason, I'm out."[2]

56.     Despite a clear warning from a retail expert that the Accused Products copied Sugarfina's Intellectual Property Rights, Bouquet Bar made no changes to the design of the Accused Products.

57.     Indeed, Defendants refused to heed Ms. Greiner's advice that Bouquet Bar differentiate itself, despite having months between the taping of the *Shark Tank* episode and its public airing to make changes.

### *Sugarfina's Notification to Bouquet Bar*

58.     Sugarfina's efforts to address Defendants' pervasive copying of Sugarfina's Intellectual Property Rights directly with Defendants have been unsuccessful. On October 17, 2017, Sugarfina sent a cease and desist letter to Defendants advising them of their ongoing infringement of Sugarfina's Intellectual Property Rights. Defendants have refused to change their product or packaging design in response to Sugarfina's request, and indeed ignored the advice of *Shark Tank*'s retail experts Lori Greiner, that Defendants do more to differentiate the Accused Products from Sugarfina's trademark and trade dress.  On January 30, 2018, Sugarfina again demanded that Defendants cease and desist their infringing activities.

59.     Sugarfina also has undertaken face-to-face meetings with Defendants to explain Sugarfina's concerns and engage in a good faith effort to resolve this matter.

60.     Instead, between October and November 2017, Defendants dissolved Bouquet Bar LLC and incorporated Bouquet Bar Inc. Upon information and belief, these actions were an attempt to further shield the individuals from liability, while

---

[2] *See id.*, at 7:44 to 7:59.

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

they continued to sell infringing products. Even after receiving Sugarfina's demand letters and being confronted about their infringement on *Shark Tank*, Defendants publicly flaunted their infringing behavior on social media:



61.     Defendants chose to infringe Sugarfina's Intellectual Property Rights through the design, packaging and promotion of their candy products, and they did so willfully—with actual knowledge—to trade upon the goodwill that Sugarfina has developed in connection with its luxury branded products.

62.     As further confirmation of the intentional and systematic copying of Sugarfina by Defendants, Defendants have purchased "Sugarfina" as a keyword for sponsored Bouquet Bar posts on Instagram and other social media sites.

63.     In Sugarfina's cease and desist letter dated October 17, 2017, Sugarfina made precisely the same demand: "Sugarfina demands that you ***refrain from selling and promoting candy products*** in cubes and gift boxes with spaced cube receiving wells that infringe Sugarfina's intellectual property rights." Defendants refused.

### *Infringement of Sugarfina's Trade Dress*

64.     In 2017, Defendants began producing, selling, and marketing their copycat products, which was well after Sugarfina's first use of the asserted Sugarfina Trade Dress and long after Sugarfina acquired secondary meaning in the

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

Sugarfina Trade Dress. Shown below and attached as Exhibit 5 is a true and correct copy of pictures of the respective trade dress of the parties.

| *Sugarfina's Original Use* | *Bouquet Bar's Infringing Use* |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545



COMPLAINT



65.     Each of Defendants' lines of accused products embodies the elements of the Sugarfina Trade Dress identified above.

66.     The intentional copying of the distinctive Sugarfina Trade Dress by the Defendants confirms that the Sugarfina Trade Dress has acquired secondary meaning.

67.     Defendants' systematic copying of the Sugarfina Trade Dress is likely to cause customer confusion, or has actually caused customer confusion, as to an affiliation with Sugarfina and/or an initial interest confusion based on Sugarfina's goodwill with the marketplace.

68.     Defendants' adoption of a trade dress that copies the Sugarfina Trade Dress is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Defendants' products are Sugarfina products, or that they are sponsored by or affiliated with Sugarfina, when they are not.

69.     Sugarfina's goodwill among consumers is closely tied to its position as an outlier in confectioners' products—that of luxury and sophistication.

COMPLAINT

1    Defendants' flagrant and relentless copying of Sugarfina's Trade Dress rights in
2    their candy products not only allows Defendants to benefit from Sugarfina's
3    investment, but it also threatens to diminish the very important goodwill that
4    Sugarfina has cultivated in the Sugarfina Trade Dress.

5                    ***Infringement of Sugarfina's Design Patent***

6          70.    Sugarfina was selling its Candy Bento Box® products long before
7    Defendants introduced their spurious products. An example of Sugarfina's Candy
8    Bento Box® is shown below.





COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

71.     Sugarfina filed a design patent application covering its unique packaging, such as the packaging shown above. That design patent application issued on August 16, 2016, as U.S. Design Patent No. D763,684 (the 'D684 Patent), and is titled "Packaging."

72.     The 'D684 Patent claims "[t]he ornamental design for a packaging, as shown and described" in the patent. FIG. 1 of the 'D684 Patent is reproduced below. FIG. 1 depicts an exploded perspective view of the patented design.



FIG. 1

73.     FIG. 2 of the 'D684 Patent is reproduced below. FIG. 2 depicts a perspective view of the patented design.



FIG. 2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

74.     FIG. 3 of the 'D684 Patent is reproduced below. FIG. 3 depicts a side view of the patented design.



FIG. 3

75.     FIG. 4 of the 'D684 Patent is reproduced below. FIG. 4 depicts a top view of the patented design.



FIG. 4

76.     FIGS. 5-6 of the 'D684 Patent are reproduced below. FIG. 3 depicts a front view of the patented design. FIG. 4 depicts a rear view of the patented design.



FIG. 5          FIG. 6

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

77.     Defendants began marketing a copycat product in 2017, a sample of which is shown below.



78.     A side-by-side comparison between Sugarfina's product embodying the 'D684 patent and Defendants' copycat product is shown below and attached as Exhibit 6 is a true and correct copy of pictures of the products of the respective parties:



| *Sugarfina's Original Use* | *Bouquet Bar's Infringing Use* |
|---|---|

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT



79.     An ordinary observer of Defendants' packaging and Sugarfina's patented design would find the two designs to be substantially the same. The 'D684 Patent claims a packaging including cubes arranged in two cells spaced apart and nested fully within a rectangular box with high, straight walls. As shown above, Defendants' design also includes cubes arranged in two cells spaced apart and nested fully within a rectangular box with high, straight walls. An ordinary observer would recognize that Defendants' design is substantially the same as the patented design in the 'D684 Patent. The overall impression of the two designs is substantially the same.

80.     Indeed, it is axiomatic that the 'D684 Patent is infringed by Defendants' design because in the eye of an ordinary observer, Defendants' design is substantially the same as the claimed design in the 'D684 Patent. And indeed, an

COMPLAINT

ordinary observer has already been shown, and pointed out to Defendants directly by the hosts on the *Shark Tank* television program.

## Infringement of Sugarfina's Copyrights

81.     In addition to the Sugarfina Trade Dress and patent protections, Sugarfina also has copyright protection for its three-piece designer candy boxes and its designer candy bento boxes at Reg. Nos. VA0001963482 and VA0001963483.

82.     Defendants have had access to the copyrighted boxes because Sugarfina has been selling and marketing them to the public, in the same industry and using the same marketing channels as Defendants, since at least as early as 2013.

83.     In a blatant attempt to copy Sugarfina, Defendants designed and developed near exact imitations of Sugarfina's registered works.

84.      Long after Sugarfina introduced its copyrighted designs, Defendants began actively selling these infringing products to retailers and unwitting consumers. Defendants' infringing products are strikingly similar imitations of Sugarfina's protected products. Defendants copied all the original and distinctive qualities of Sugarfina's products, including the configuration of multiple cells of transparent top cubes spaced apart and nested fully within a rectangular or square box with high, straight walls; the use of labels with patterned bands, overlaid shapes, and a triangular end-tab on the transparent top cubes within the outer box; and specific graphic elements designed by Sugarfina, such as the prints, patterns, and colors imprinted on the boxes and labels.

85.     Defendants have no license from Sugarfina to make replicas of Sugarfina's registered original works. On the contrary, at least as early as October 17, 2017, Sugarfina demanded that Defendants cease their infringing activities. Defendants refused to comply and have continued knowingly and willfully to create, market, and distribute products infringing Sugarfina's copyrights.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

# FIRST CLAIM FOR RELIEF

## (Trade Dress Infringement)

## (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

86.     Sugarfina incorporates and realleges paragraphs 1-85 of this Complaint as though set forth in full.

87.     Sugarfina is the owner of all right and title to the distinctive Sugarfina Trade Dress. The Sugarfina Trade Dress, as embodied in Sugarfina products, is inherently distinctive and not functional.

88.     In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Sugarfina Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Sugarfina as the source of these products prior to the actions of the Defendants complained of herein.

89.     Sugarfina's extensive promotion of the distinctive Sugarfina Trade Dress has resulted in Sugarfina's acquisition of valuable, legally protected rights in the Sugarfina Trade Dress as well as considerable customer goodwill prior to the actions of the Defendants complained of herein.

90.     Defendants intentional copying of the Sugarfina Trade Dress confirms that the Sugarfina Trade Dress has acquired secondary meaning.

91.     Defendants' line of products has misappropriated the Sugarfina Trade Dress by mimicking the elements of that trade dress. The manufacture and distribution of Defendants' products with packaging and product design features that mimic the elements of the Sugarfina Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Sugarfina, or as to the origin, sponsorship, or approval by Sugarfina of Defendants' goods, services or commercial activities.

COMPLAINT

1    92.    Defendants' actions constitute unfair competition and false

2    designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C.

3    §1125(a).

4    93.    At least as early as October 17, 2017, Defendants knew of the

5    Sugarfina Trade Dress when they designed their products and have refused to

6    change their product or packaging design in response to Sugarfina's request.

7    Accordingly, Defendants' infringement has been and continues to be intentional,

8    willful and without regard to Sugarfina's rights in the Sugarfina Trade Dress.

9    94.    As a direct and proximate result of Defendants' unlawful acts and

10    practices, including those set forth above, Defendants have caused, are causing, and

11    unless immediately enjoined by this Court, will continue to cause immediate and

12    irreparable harm to Sugarfina, for which there is no adequate remedy at law, and for

13    which it is entitled to injunctive relief.

14    95.    Sugarfina is informed and believes, and on that basis alleges, that

15    Defendants have gained profits by virtue of their infringement of the Sugarfina

16    Trade Dress.

17    96.    Sugarfina also has sustained damages as a direct and proximate

18    result of Defendants' infringement of the Sugarfina Trade Dress in an amount to be

19    proven at trial.

20    97.    Because Defendants' actions have been willful, Sugarfina is entitled

21    to treble its actual damages or Defendants' profits, whichever is greater, and to an

22    award of costs, and, this being an exceptional case, reasonable attorneys' fees

23    pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### (Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)

27    98.    Sugarfina incorporates and realleges paragraphs 1-97 of this

28    Complaint as though set forth in full.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

99.     The acts of Defendants described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

100.     Sugarfina has valid and protectable prior rights in the Sugarfina Trade Dress. The Sugarfina Trade Dress identifies Sugarfina as the source of its candy products. The Sugarfina Trade Dress is inherently distinctive, and, through Sugarfina's long use, has come to be associated solely with Sugarfina as the source of the products on which it is used prior to the actions of the Defendants complained of herein.

101.     Defendants' use of the infringing trade dress is likely to cause confusion as to the source of Defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants and Sugarfina or that Defendants' products are affiliated with or sponsored by Sugarfina.

102.     The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

103.     The above-described acts constitute unfair competition and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

104.     Defendants acted willfully and intentionally in designing their infringing trade dress and product packaging, with full knowledge of Sugarfina's prior rights in the distinctive Sugarfina Trade Dress and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Defendants and Sugarfina or between Defendants' products and Sugarfina's products.

COMPLAINT

105.     The unlawful and fraudulent business practices of Defendants described above present a continuing threat to, and is meant to deceive members of, the public in that Defendants desire to promote their products by wrongfully trading on the goodwill of the Sugarfina Trade Dress.

106.     As a direct and proximate result of these acts, Defendants have received, and will continue to profit from, the strength of the Sugarfina Trade Dress.

107.     As a direct and proximate result of Defendants' wrongful conduct, Sugarfina has been injured in fact and has lost money and profits, and such harm will continue unless Defendants' acts are enjoined by the Court.

108.     Sugarfina has no adequate remedy at law for Defendants' continuing violation of Sugarfina's rights.

109.     Defendants should be required to restore to Sugarfina any and all profits earned as a result of their unlawful and fraudulent actions, or provide Sugarfina with any other restitutionary relief as the Court deems appropriate.

## THIRD CLAIM FOR RELIEF

### (Infringement of the 'D684 Patent)

### (35 U.S.C. § 271)

110.     Sugarfina incorporates and realleges paragraphs 1-109 of this Complaint as though set forth in full.

111.     Defendants have infringed and continue to infringe the 'D684 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of Defendants' infringing products identified in this Complaint, which embody the design covered by the 'D684 Patent, in violation of 35 U.S.C. § 271.

112.     Defendants' infringement of the 'D684 Patent has taken place with full knowledge of the patent and is willful, deliberate, and intentional, and therefore gives rise to an exceptional case under 35 U.S.C. § 285.

113.    Defendants' infringement of the 'D684 Patent has injured Sugarfina, the precise amount of which cannot be ascertained at this time. Sugarfina is entitled to recover damages adequate to compensate for Defendants' infringement, which in no event can be less than a reasonable royalty.

114.    Defendants have caused Sugarfina substantial damages and irreparable injury by their infringement of one or more claims of the 'D684 Patent, for which there is no adequate remedy at law. Sugarfina will continue to suffer damages and irreparable injury unless and until Defendants' infringement is enjoined by this Court.

### FOURTH CLAIM FOR RELIEF

### (Copyright Infringement)

### (17 U.S.C. §§ 101, *et seq.*)

115.    Sugarfina incorporates and realleges paragraphs 1-114 of this Complaint as though set forth in full.

116.    Sugarfina is the owner of exclusive rights under copyright with respect to the three-piece designer candy box and Sugarfina's Candy Bento Box®, Reg. Nos. VA0001963482 and VA0001963483.

117.    Sugarfina has never granted to Defendants any license to make or market any unauthorized copies of, or derivative works based on, Sugarfina's products or registered works.

118.    By means of the actions complained of herein, Defendants have infringed and will continue to infringe Sugarfina's copyrights in and relating to its registered works under 17 U.S.C. §§ 101, *et. seq.* by creating, reproducing, distributing, selling, and/or offering for sale infringing products and product packaging containing strikingly similar reproductions of the registered works without authorization from Sugarfina.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

119.    Sugarfina is entitled to an injunction restraining Defendants, and all persons acting in concert with them, from engaging in further acts in violation of the copyright laws.

120.    Sugarfina is further entitled to recover from Defendants the damages Sugarfina has sustained, and will sustain, as a result of Defendants' wrongful acts in an amount to be proven at trial. Sugarfina is further entitled to recover from Defendants any gains, profits, and advantages Defendants have obtained as a result of their wrongful acts.

121.    Sugarfina is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*, for Defendants' willful and continued infringement of the registered works and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Sugarfina prays for relief, as follows:

1.    A judgment that Defendants have infringed the Sugarfina Trade Dress and violated the Lanham Act;

2.    An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Sugarfina Trade Dress or using any other product or packaging design or designations similar to or likely to cause confusion with the Sugarfina Trade Dress; from passing off Defendants' products as being associated with and or sponsored or affiliated with Sugarfina; from committing any other unfair business practices directed toward obtaining for itself the business and customers of Sugarfina; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Sugarfina;

3.    An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Sugarfina or constitute or are connected with Sugarfina's goods and services;

4.      An order directing Defendants to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Sugarfina Trade Dress or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Sugarfina's Trade Dress, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing Sugarfina's Trade Dress or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Sugarfina's Trade Dress, and to immediately remove them from public access and view;

5.      An order directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Sugarfina Trade Dress or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the Sugarfina Trade Dress;

6.      An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendants to file with the court and serve upon Sugarfina's

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

7.      Actual damages suffered by Sugarfina as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8.      Reasonable funds for future corrective advertising;

9.      An order directing that Defendants account to and pay over to Sugarfina all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Sugarfina for the damages caused thereby;

10.     A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

11.     A judgment that Defendants' activities constitute unfair competition and a violation of California Business and Professions Code § 17200;

12.     An order enjoining Defendants from all acts unfairly competing with Sugarfina;

13.     Restitutionary relief against Defendants and in favor of Sugarfina, including disgorgement of wrongfully obtained profits and any other appropriate relief;

14.     Awarding Sugarfina punitive damages pursuant to California Civil Code § 3294;

15.     Awarding Sugarfina punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

16.     Costs of suit and reasonable attorneys' fees, including, but not limited to, a finding that this case is exceptional and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285;

17.     Awarding Sugarfina interest, including pre-judgment and post-judgment interest, on the foregoing sums; and

18.     Any other remedy to which Sugarfina may be entitled, including all remedies provided for in 15 U.S.C. § 1117, 17 U.S.C. §§ 101, *et seq.*, Cal. Bus. & Prof Code §§ 17200, *et seq.,* 17500, *et seq.,* and under any other California law, and such other and further relief as the Court deems just and proper;

19.     A judgment that Defendants have infringed Sugarfina's asserted patent;

20.     An order and judgment preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Sugarfina's asserted patent;

21.     A judgment awarding Sugarfina all damages adequate to compensate for Defendants' infringement of Sugarfina's asserted patent, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

22.     A judgment awarding Sugarfina all damages, including treble damages, based on any infringement found to be willful pursuant to 35 U.S.C. §§ 284, including actual damages and an award of Defendants' total profits associated with the infringing sales under 35 U.S.C. §§ 289, together with prejudgment interest;

23.     A judgment that Defendants have infringed the copyrights of Sugarfina and violated Section 501 of the Copyright Act (17 U.S.C. § 501);

24.     An order granting an injunction preliminarily and permanently enjoining the Defendants and their respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

COMPLAINT

concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

(a) manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the infringing products and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Sugarfina's copyrights;

(b) reproducing, distributing, performing, or publicly displaying Sugarfina's copyrights, creating any derivative works based on Sugarfina's copyrights, or engaging in any activity that infringes Sugarfina's rights in its copyrights; and

(c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b);

25.     That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the infringing products and any products, works, or other materials that include, copy, are derived from, or otherwise embody Sugarfina's copyrights;

26.     That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory and copies of the infringing products and any products and works that embody any reproduction or other copy or colorable imitation of Sugarfina's copyrights, as well as all means for manufacturing them;

27.     That Defendants, at their own expense, be ordered to recall the infringing products from any distributors, retailers, vendors, or others that have distributed the infringing products, and any products, works or other materials that include, copy, are derived from, or otherwise embody the infringing products or Sugarfina's copyrights, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to them;

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

28.     An order awarding Sugarfina:

(a) Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales of the infringing products and any products, works, or other materials that include, copy, are derived from, or otherwise embody the infringing products or Sugarfina's copyrights, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b) damages sustained by Sugarfina as a result of Defendants' infringing conduct, in an amount to be proven at trial;

(c) should Sugarfina so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

(d) Sugarfina's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Sugarfina hereby demands trial by jury on all issues raised in the Complaint.

Dated:  July 27, 2018                    TROUTMAN SANDERS LLP


By: */s/ Jenny Kim*
     Michael D. Hobbs, Jr.
     John M. Bowler
     Austin Padgett
     Jenny Kim

     Attorneys for Plaintiff
     SUGARFINA, INC.