TROUTMAN SANDERS LLP
Oscar Figueroa, Bar No. 313238
oscar.figueroa@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

John M. Bowler (admitted *pro hac vice*)
john.bowler@troutman.com
Michael D. Hobbs, Jr. (admitted *pro hac vice*)
michael.hobbs@troutman.com
Austin Padgett, CA Bar No. 296309
austin.padgett@troutman.com
Lindsay Mitchell Henner (admitted *pro hac vice*)
lindsay.henner@troutman.com
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Plaintiff and Counterclaim
Defendant, SUGARFINA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGARFINA, INC., a Delaware corporation, | Case No. 8:18-cv-01305-CJC-DFM |
| Plaintiff, | [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE DOUGLAS F. McCORMICK] |
| v. | **STIPULATED PROTECTIVE ORDER** |
| BOUQUET BAR, INC., a Delaware corporation; BOUQUET BAR, LLC, a Wyoming limited liability company; DAVID (DAOUD) YUSUF, an individual; ALEX AMIDI, an individual; JEFFREY MATSEN, an individual; and SAL AZIZ, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

After conferring on these matters, Plaintiff Sugarfina, Inc. ("Sugarfina"), on the one hand, and Defendants Bouquet Bar Inc., Bouquet Bar LLC, David (Daoud) Yusuf, Alex Amidi, and Sal Aziz, on the other hand (collectively, "Defendants"), hereby propose to the Court this Protective Order.

The parties stipulate and agree as follows:

## 1. <u>INTRODUCTION</u>

### 1.1. <u>Purposes and Limitations</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.2. <u>Good Cause Statement</u>

This action is likely to involve trade secrets, customer and pricing lists, supplier and vendor contacts, and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

law. Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately

protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in preparation for

and in the conduct of trial, to address their handling at the end of the litigation, and

serve the ends of justice, a protective order for such information is justified in this

matter. It is the intent of the parties that information will not be designated as

confidential for tactical reasons and that nothing be so designated without a good

faith belief that it has been maintained in a confidential, non-public manner, and

there is good cause why it should not be part of the public record of this case.

    1.3. <u>Acknowledgment of Procedure for Filing Under Seal</u>

        The parties further acknowledge that this Protective Order does not entitle

them to file confidential information under seal; Local Civil Rule 79-5 sets forth the

procedures that must be followed and the standards that will be applied when a

party seeks permission from the Court to file material under seal.

        There is a strong presumption that the public has a right of access to judicial

proceedings and records in civil cases. In connection with non-dispositive motions,

good cause must be shown to support a filing under seal. *See Kamakana v. City and

County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors

Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Elecs., Inc.*,

187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require

good cause showing), and a specific showing of good cause or compelling reasons

with proper evidentiary support and legal justification, must be made with respect

to Protected Material that a party seeks to file under seal. The parties' mere

designation of Material as CONFIDENTIAL or CONFIDENTIAL - OUTSIDE

COUNSEL'S EYES ONLY does not—without the submission of competent

evidence by declaration, establishing that the material sought to be filed under seal

qualifies as confidential, privileged, or otherwise protectable—constitute good

cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. **DEFINITIONS**

2.1     <u>Action</u> means this pending federal lawsuit, *Sugarfina, Inc. v. Bouquet Bar, Inc.*, Case No. 8:18-cv-01305-CJC-DFM (C.D. Cal.).

2.2     <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Material</u> means material the Designating Party believes in good faith is not generally known to others, and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith

to constitute or to contain confidential and/or proprietary information not otherwise known or available to the public. "CONFIDENTIAL" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing. Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information and/or materials could be potentially harmful to the business or operations of the party.

2.4    "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material means material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith constitutes proprietary financial, research, development, technical, or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business or the disclosure of which is likely to cause harm to the competitive position of the Producing Party. Financial Material that comprises proprietary financial or commercial information, including, without limitation, commercial agreements, licenses, and documents reflecting revenue, sales, profits, and/or costs may be designated as "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material shall include all material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

2.5    Counsel means Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.6    Designating Party means a Party or Non-Party that designates

information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL" Material or "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY" Material.

2.7 <u>Expert</u> means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>In-House Counsel</u> means an attorney who is an employee of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10 <u>Non-Party</u> means any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u> means attorneys (and the attorneys' support staff) who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party.

2.12 <u>Party</u> means any party to this Action, including all of its officers, directors, and employees.

2.13 <u>Producing Party</u> means a Party or Non-Party that produces Material in this Action.

2.14 <u>Professional Vendors</u> means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

2.15   <u>Protected Material</u> means any Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY." No Material shall be deemed Protected Material if:

(a) it is in the public domain at the time of disclosure;

(b) it becomes part of the public domain as a result of publication not involving a violation of this Protective Order, unless the publication was inadvertent;

(c) the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure; or

(d) the Receiving Party lawfully received it from a Non-Party without restriction as to disclosure, provided such Non-Party has the right to make the disclosure to the Receiving Party.

2.16   <u>Privileged Material</u> means a document, tangible item or electronically stored information that is privileged, protected by the work product doctrine, or subject to some other immunity from disclosure.

2.17   <u>Receiving Party</u> means a Party that receives Material from a Producing Party.

**3.  <u>SCOPE</u>**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.  <u>DURATION</u>**

The terms of this Protective Order shall survive the final termination of this Action to the extent that any Protected Material is not or does not become known to

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the public. This Court shall retain jurisdiction over this Action for the purpose of enforcing this Protective Order. The Parties agree that any order of dismissal of this Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those documents or items that qualify, such that for example, an email or attachment that is otherwise associated or linked with the Protected Material, but that does not itself qualify for the same level of designation shall be designated separately. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be clearly so designated before the Material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions that the Designating Party identifies the Material on the record, before the close of the deposition all protected testimony; a Designating Party may also indicate, on the record before the close of the deposition, that the Designating Party intends to specifically identify protected testimony, in which case, the Designating Party may identify protected testimony within fifteen days after receipt of the deposition transcript.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) For material made available for inspection by Outside Counsel for the Receiving Party, that that Parties shall initially consider all such material to be "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" and subject to this Protective Order even though no formal designation has yet been made. Thereafter, the Producing Party shall have fourteen (14) days to review and designate the inspected Material as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" prior to furnishing copies to the Receiving Party.

5.3     <u>Inadvertent Failures to Properly Designate</u>. If timely corrected, an

inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Non-Party Designations. Non-Parties who produce Material in this Action may avail themselves of the provisions of this Protective Order, and such Material produced by Non-Parties shall be treated by the Parties in conformance with this Protective Order. A Non-Party's use of this Protective Order for production of its Material does not entitle that Non-Party to have access to Material produced by any other Party in this Action.

# 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Party or Non-Party challenging confidentiality designations must serve on the Designating Party a written objection to the designation, describing with particularity the document or information in question and the grounds for objection. The Designating Party or Non-Party must respond in writing to the objection within seven (7) days, stating with particularity the grounds for asserting that the document or information is "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  Counsel for the Designating and challenging Parties and/or Non-Party, shall meet and confer by phone within five (5) days of such response. If counsel are unable to settle their differences in the meet and confer conference, he Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.*

6.3    Joint Stipulation. Except as otherwise provided for in the Federal Rules of Civil Procedure, Local Rules or herein, any challenge submitted to the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  Court shall be via a joint stipulation pursuant to Local Rule 37-2.

2      6.4    The burden of persuasion in any such challenge proceeding shall be on

3  the Designating Party. Frivolous challenges or designations, and those made for an

4  improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

5  other parties) may expose the Challenging Party or Designating Party to sanctions.

6  Unless the Designating Party has waived or withdrawn the confidentiality

7  designation, all parties shall continue to afford the material in question the level of

8  protection to which it is entitled under the Producing Party's designation until the

9  Court rules on the challenge.

10  **7. ACCESS TO AND USE OF PROTECTED MATERIAL**

11      7.1    Basic Principles. A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a Non-Party in connection with this

13  Action only for prosecuting, defending or attempting to settle this Action. Such

14  Protected Material may be disclosed only to the categories of persons and under the

15  conditions described in this Order. When the Action has been terminated, a

16  Receiving Party must comply with the provisions for Final Disposition in Section

17  13 below.

18      Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21      7.2    Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered

22  by the Court or permitted in writing by the Designating Party, a Receiving Party

23  may disclose any Material designated "CONFIDENTIAL" only to:

24      (a) the Receiving Party's Outside Counsel of Record in this Action,

25  including employees of said Outside Counsel of Record;

26      (b) the officers, directors, and employees (including In-House

27  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

28  Action;

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

(c) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, non-party witnesses, and attorneys for non-party witnesses to whom disclosure is reasonably necessary, provided the non-party witnesses and their attorneys read and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to viewing the Protected Material, unless otherwise agreed in advance of the deposition by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and shall not be disclosed to anyone except as permitted under this Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) the Parties' insurers relating to the claims or defenses in this Action, to whom disclosure is reasonably necessary in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action,

including employees of said Outside Counsel of Record;

(b) one (1) In-House Counsel of the Receiving Party, who is not involved in competitive decision making for the Receiving Party, provided that: (a) the designated In-House Counsel has agreed to be bound by the provisions of the Protective Order by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be provided to the Designating Party before the designated In-House Counsel reviews any Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"; (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7.4.2 below; (c) no copies of the Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be stored or examined, including by email or other electronic means, on the business premises of the Receiving Party; (d) no electronic copies of the Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be stored or examined on servers, other computers, telephones, mobile devices, or other electronic storage devices maintained, owned, or controlled by the Receiving Party; and (e) the designated In-House Counsel does not discuss anything about or relating to the Material designated under Section 7.3 with anyone other than the Receiving Party's Outside Counsel of Record in this Action.

(c) Experts (as defined in this Order) engaged by the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

(h) during depositions, non-party witnesses, and attorneys for non-party witnesses to whom disclosure is reasonably necessary, provided they read and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to viewing the Protected Material, unless otherwise agreed in advance of the deposition by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated First Amended Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) the Parties' insurers relating to the claims or defenses in this Action, to whom disclosure is reasonably necessary in this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which shall be provided to the Designating Party before the Parties' insurers review any Material designated "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY .

7.4    Exceptions to Limitations on Disclosure

7.4.1 Nothing herein shall prevent disclosure of Protected Material: (a) by the Producing Party to anyone else the Producing Party deems appropriate; (b) by the Receiving Party to an officer of the Producing Party; (c) by a Party to any Person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Protected Material, in whole or in part, or who has independently received the Protected Material other than through a means constituting a breach of this Protective Order or inadvertent disclosure; or (d) to any Person who is reasonably identified as previously having had access to the Protected Material.

7.5    Use at Depositions. Except as may be otherwise ordered by the Court, any Person may be examined as a witness at depositions and trial and may testify

concerning all Protected Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)     A former or current director or officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that party;

(b)     Non-Parties that are not a former or current director or officer, and/or employee of a Producing Party may be examined or testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have originated from the Non-Party or to have been communicated to the Non-Party by the Producing Party.

(c)     Nothing in the above provisions shall act as a waiver to a Party's right to object to the use of the Protected Material or to questions regarding or relating to the Protected Material.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. PROTECTED MATERIAL SOUGHT TO BE PRODUCED BY NON-PARTIES IN THIS LITIGATION

9.1    The terms of this Order are applicable to material or information produced by a Non-Party in this Action, so long as such material is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information may include material or information in which the Producing Non-Party has an interest in maintaining confidentiality, and material or information in the possession of the Producing Non-Party in which a Party has an interest in maintaining confidentiality. Protected Material produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    Any Party, who believes that a request or demand (such as a subpoena) directed to a Non-Party includes confidential material or information in the possession of the Non-Party belonging to that Party, may promptly notify the Requesting Party of its belief and demand that no such material or information be provided to the Requesting Party until the Party has had an opportunity to review and designate such material or information pursuant to this order. A Requesting Party who receives such notice and demand from another Party shall not receive any materials or information from the Non-Party until the other Party has had such

an opportunity to review the material or information and make appropriate designations.

**10.UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated First Amended Protective Order submitted to the Court.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Computation of time</u>. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

12.4 <u>Filing Protected Material</u>.

12.4.1 Absent written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

12.4.2 Any Party is authorized in accordance with Local Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

## 13. **FINAL DISPOSITION**

After the final disposition of this Action, defined as the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**14. <u>VIOLATION</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 18, 2019          TROUTMAN SANDERS LLP

By: */s/ Oscar Figueroa*
John M. Bowler
Michael D. Hobbs
Austin Padgett
Oscar Figueroa

Attorneys for Plaintiff and
Counterclaim Defendant,
SUGARFINA, INC.

Dated: June 18, 2019          SNELL & WILMER L.L.P.

By: */s/ Deborah A. Gubernick*
Deborah A. Gubernick
Samuel G. Brooks

Attorneys for Defendant
BOUQUET BAR, INC., BOUQUET
BAR, LLC, DAVID (DAOUD)
YUSUF, ALEX AMIDI, JEFFREY
MATSEN, and SAL AZIZ

**<u>ATTESTATION</u>**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Oscar Figueroa, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 18, 2019          */s/ Oscar Figueroa*
Oscar Figueroa

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 06/19/2019_____

_____

Hon. Douglas F. McCormick
United States Magistrate Judge

**EXHIBIT A**

**Consent to be Bound by Protective Order**

I, _____ , state

The undersigned hereby acknowledges that he or she has received and read the Protective Order entered in the United States District Court for the Central District of California in connection with the above-captioned action, and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information made available to him or her other than in accordance with said Protective Order. The undersigned further submits to the jurisdiction of this Court for purposes of enforcement of, or disputes relating to, said Protective Order.

I state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Executed on _____       _____
                                                              Signature

37665212v1